Franklin HARPER *v.* HI-WAY EXPRESS

CA 94-1245                                      912 S.W.2d 21

Court of Appeals of Arkansas
En Banc
Opinion delivered December 20, 1995

*George Bailey*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *E. Diane Graham*, for appellees.

JOHN B. ROBBINS, Judge. Appellant Franklin Harper sustained a compensable back injury while unloading a truck for appellee Hi-Way Express on January 2, 1992. Temporary total disability benefits and certain medical expenses were paid through May 25, 1992, at which time Hi-Way Express terminated compensation. Mr. Harper contended that he was entitled to additional temporary total disability benefits through September 7, 1993, and that he had a permanent impairment of either 5% or 10% to the body as a whole. In addition, he sought wage-loss disability in the amount of 50%. The Commission denied Mr. Harper's claim in its entirety, finding that he failed to prove any entitlement to temporary total disability benefits beyond May 25, 1992. The Commission also ruled that any impairment rating was not supported by objective and measurable findings as required by Ark. Code Ann. § 11-9-704(c)(1) (Supp. 1993), and that as a result Mr. Harper was not entitled to compensation based on his alleged permanent impairment or for wage-loss disability. For reversal, Mr. Harper argues that the Commission's denial of benefits for a permanent impairment is not supported by substantial evidence and resulted from a misapplication of the law. In addition, he contends that as a result of this erroneous ruling the Commission erred in refusing to consider wage-loss disability.

When reviewing decisions from the Workers' Com-

pensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

Mr. Harper's first argument on appeal attacks the Commission's determination as to permanent impairment, and relies upon the opinions of Drs. Ronald Harris and Barry Cutler. Dr. Harris treated Mr. Harper and opined that he suffered from a 10% disability, while Dr. Cutler assigned a 5% permanent impairment rating. The examination conducted by Dr. Cutler included a positive straight leg raise. The examination conducted by Dr. Sheldon Meyerson, a neurosurgeon who reported to Dr. Harris, also included a positive straight leg raise. Mr. Harper asserts that these opinions were based upon objective and measurable findings and should have been accepted by the Commission.

The applicable portion of Ark. Code Ann. § 11-9-704(c)(1) (Supp. 1993) provides that "[a]ny determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings." In *Taco Bell* v. *Finley*, 38 Ark. App. 11, 826 S.W.2d 313 (1992), this court interpreted the language of the statute and determined that the word "objective" meant based on observable phenomena or indicating a symptom or condition perceived as a sign of disease by someone other than the person afflicted. In *Reeder* v. *Rheem Mfg. Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992), we held that "determination" as used in the statute refers to the Commission's determination of physical impairment and that the statute prohibits such a determination unless the record contains supporting "objective and measurable physical or mental findings."

In the case at bar, the Commission (which adopted the ALJ's opinion as its own) concluded that Mr. Harper failed to

prove by a preponderance of the credible medical evidence that he is entitled to permanent partial disability benefits or wage-loss benefits. It is not clear as to what the findings of the Commission were which could constitute a basis for this conclusion. The portion of the ALJ's opinion which addresses permanent disability benefits quotes from two medical reports. The first, written by Dr. Cutler on September 7, 1993, stated the following:

> If I must give a percentage of rating, in view of the paucity of objective findings, I would give him a 5 percent rating.

The other medical report was prepared by Dr. Harris on November 5, 1993, and stated:

> Mr. Harper remains totally disabled for his previous occupation as a truck driver as well as any non-sedentary work that requires no bending, lifting, pulling or pushing. He has approximately 10% disability to the body as a whole, accounting for his low back limitation and pain.

The ALJ then concluded with this statement:

> After reviewing the other medical documents and in considering the provisions of A.C.A. § 11-9-704(c)(1), I find that the ratings assigned to the claimant by Dr. Cutler and Dr. Harris are not based upon objective and measurable findings.

A fair reading of this sentence is that the Commission disregarded the reports and opinions of these medical doctors because the Commission does not consider positive straight leg raises to constitute objective physical findings. If this is what the Commission did, it is in error. We held in *Taco Bell* v. *Finley, supra*, that "observations made by a doctor as a result of range of motion tests qualify as 'objective physical findings'." Although the Commission may have intended to mean something other than what we have interpreted its statement to say, we can arrive at no other reasonable interpretation.

██ We hold only that Ark. Code Ann. § 11-9-704(c)(1) does not require that either the opinion of Dr. Cutler or Dr. Harris be disregarded by the Commission. This case must be remanded to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. I concur in the majority's decision to remand this case back to the Commission. However, I believe that the case should be remanded back for the Commission to make specific findings of fact upon which it relied in making its decision.

Here, the Commission affirmed the administrative law judge's decision, adopting it as its own. The ALJ denied benefits quoting Dr. James Cutler as saying:

> If I must give a percentage rating in view of the paucity of objective findings, I would give him a 5 percent rating.

The ALJ then quoted a medical report prepared by Dr. John Harris:

> Mr. Harper remains totally disabled for his previous occupation as a truck-driver as well as any non-sedentary work that requires no bending, lifting, pulling or pushing. He has approximately 10% disability to the body as a
>
> whole, accounting for his low back limitation and pain.

The ALJ concluded with this statement:

> After reviewing the other medical documents and in considering the provisions of Ark. Code Ann. § 11-9-704(c)(1), I find that the ratings assigned to the claimant are not based upon objective and measurable findings.

The Commission's duty is to translate the evidence on all issues before it into findings of fact. *Sanyo Manufacturing, Inc. v. Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984). Although the Commission may specifically adopt the findings of fact made by the ALJ, here the ALJ failed to make the necessary findings of fact to allow review. The ALJ merely summarized the testimony of two witnesses and referred to "other" unidentified evidence. I am unable to determine, as the majority does, the factual basis upon which appellant's claims were denied. There may be evidence in the record to support the Commission's decision; however, neither the ALJ nor the Commission made the required find-

188

ings. The majority concedes this fact in its statement "[i]t is not clear as to what the findings of the Commission were which could constitute a basis for this conclusion." However, the majority reviews the case de novo and makes findings of fact that the Commission disregarded "the reports and opinions of these medical doctors because the Commission does not consider positive straight leg raises to constitute objective physical findings." This court does not review decisions of the Commission *de novo* on the record or make findings of fact. *Wright* v. *American Transportation.* 18 Ark. App. 18, 709 S.W.2d 107 (1987). Therefore, I would reverse and remand this case to the Commission to make those specific findings of fact upon which it relied in making its decision.