John CHRISTIAN v. ARKANSAS CRANE & CRAWLER

CA 96-275                                935 S.W.2d 1

Court of Appeals of Arkansas
Division I
Opinion delivered December 18, 1996
[Petition for rehearing denied January 22, 1997.]

*Lane, Muse, Arman & Pullen,* by: *Donald C. Pullen,* for appellant.

*Bailey, Trimble, Capps, Lowe, Sellars, & Thomas,* by: *Peter O. Thomas, Jr.,* for appellee Arkansas Crane & Crawler.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *Jim Tilley,* for appellee Garrett Excavating.

OLLY NEAL, Judge. John Christian appeals from an order of the Arkansas Workers' Compensation Commission finding that he was not an employee covered under Arkansas Workers' Compensation Law at the time of his injury, thereby precluding an award of workers' compensation disability benefits. For reversal, appellant contends that the Commission erred as a matter of law in ruling that appellant was not an employee of Arkansas Crane & Crawler and that the Commission's decision was not supported by substantial evidence. We find merit in appellant's argument and reverse and remand.

Appellant sustained an injury on June 2, 1994, when he fell twenty feet from a ladder while working at the residence of Gilbert Garrett. Garrett is an officer in several corporations including Arkansas Crane & Crawler, Garrett Excavating, and Garrett Enterprises. Arkansas Crane & Crawler primarily engages in the purchase and sale of equipment; Garrett Excavating contracts excavation type work, and Garrett Enterprises purchases property for investment purposes. Mr. Garrett pays for work performed on his home through Garrett Enterprises. After the injury appellant received a week's pay from Arkansas Crane & Crawler and an advance of $200 written on the bank account of Garrett Enterprises.

There was some dispute as to the nature of the relationship between the parties. When appellant filed a claim for workers' compensation disability benefits he stated that he was employed by either Arkansas Crane & Crawler, Garrett Excavating, or Garrett Enterprises. At the hearing before the administrative law judge Mr. Garrett acknowledged that he considered appellant to be an employee of Arkansas Crane & Crawler. Appellant testified that at one time he had worked as an independent contractor hired to paint the interior of Mr. Garrett's pool house, which was located adjacent to

his personal residence. After completing the interior of the pool house, appellant went to Mr. Garrett to seek work with one of his companies. Appellant testified that he was seeking stable employment because of his wife's medical condition. Mr. Garrett testified that he could not recall making a definite offer of employment, but did recall offering to allow appellant to work for him at Arkansas Crane & Crawler. Mr. Garrett also testified that he neither promised appellant full time employment, nor did he tell appellant he would not be employed full-time. Mr. Garrett testified that he intended to keep appellant around to work if his capabilities were such that he could perform additional tasks. Under examination by the administrative law judge, Mr. Garrett testified that he considered appellant to be an employee of Arkansas Crane & Crawler.

The administrative law judge dismissed Garrett Enterprises and Garrett Excavating as parties to the action upon finding that Garrett Enterprises and Garrett Excavating had no liability in the matter. The administrative law judge found that appellant was an employee of Arkansas Crane & Crawler, that he had sustained a compensable injury and awarded benefits for an assessed 20% permanent impairment rating to the body as a whole.

Arkansas Crane & Crawler appealed to the Commission, which after conducting a de novo review of the record, reversed the administrative law judge's finding that appellant had sustained a compensable injury and denied appellant's entitlement to any benefits. In reversing the administrative law judge, the Commission specifically found that appellant was not an employee covered under Arkansas Workers' Compensation law of either company. The Commission concluded that appellant continued to be an independent contractor from the time he originally contracted to paint the interior of the pool house until the time he was injured. The Commission also pointed out that the medical report generated by Dr. Robert Johnson immediately after the injury indicated that Dr. Johnson was advised by appellant's wife that appellant was working as an independent contractor. Although appellant and Mr. Garrett both testified that appellant was an employee of Arkansas Crane & Crawler, the Commission found that the testimony was not dispositive of the issue, but instead constituted evidence to be considered in reaching its decision of whether appellant was an employee.

In reviewing cases on appeal from the Commission, we affirm the Commission's decision if supported by substantial evi-

dence. Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Harper* v. *Hi-Way Express*, 51 Ark. App. 183, 912 S.W.2d 21 (1995). A decision of the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Id.*

Pursuant to Ark. Code Ann. § 11-9-102(10)(A), "Employee means any person, ... employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied; but excluding one whose employment is casual and not in the course of the trade, business, profession or occupation of his employer...."

In the case at bar, the Commission had before it a statement from the president of Arkansas Crane & Crawler that appellant was considered an employee of that entity, even though he did not know how long appellant would be employed. Appellant received a W-2 form from Arkansas Crane & Crawler and was paid on an hourly basis. Also there is evidence that when appellant worked as an independent contractor he received two checks as payment for his services, rather than being paid $15 per hour as he was when he painted the exterior of the pool house. The evidence clearly indicates that appellant was an employee of Arkansas Crane & Crawler and that the work he performed was in the course of the business of his employer.

Pursuant to Ark. Code Ann. § 11-9-102(12)(A)(ii), employment means:

(a) Every employment in the state in which three (3) or more employees are regularly employed by the same employer in the course of business except:

(ii) An employee employed to do gardening, maintenance, repair, remodeling, or similar work in or about the private home of the person employing the employee.

The Commission found that even if it determined appellant to be an employee of Arkansas Crane & Crawler he would not satisfy the definition of "employment" because he was employed to work at Garrett's residence.

The testimony of Mr. Garrett, appellant and appellant's brother

supported the contention that appellant was employed by Arkansas Crane & Crawler. Mr. Garrett testified that as an employee of Arkansas Crane & Crawler appellant was employed to perform work which included painting the building which housed Arkansas Crane & Crawler and some of the machinery that was in need of repainting. When appellant reported to work at Arkansas Crane & Crawler to paint the inside of the building he could not because there were trucks inside of the building that were being repaired and could not be moved. Mr. Garrett testified that once appellant reported to the job site, he did not want to send him home because he had had a difficult time getting someone to work there. Once appellant was at the job site, according to Mr. Garrett, he was sent to Garrett's personal residence to paint the exterior of his pool house. Mr. Garrett's personal residence is located only a few hundred yards from Arkansas Crane & Crawler.

The Commission suggests that since appellant was injured while painting at Garrett's personal residence his employment is not covered under our workers' compensation law. If, in fact, appellant's primary purpose for being at the Arkansas Crane & Crawler site was to paint the exterior of the pool house we would be inclined to agree. However, as in the instant case, where an employee reports to his designated place of employment and is then sent to his employer's personal residence to make repairs, we cannot find that work done in such a manner is the worker's employment.

We believe that the evidence supports a finding that appellant was at all relevant times an employee of Arkansas Crane & Crawler. It would appear that the only reason that appellant was at Mr. Garrett's residence was because he had been instructed to go there because he could not work at his place of employment, Arkansas Crane & Crawler. We believe that based upon the evidence, it is clear that fair-minded persons could not have reached the same conclusion as the Commission. We accordingly reverse and remand for an award of benefits consistent with this opinion.

Reversed and remanded.

STROUD and PITTMAN, JJ., agree.