**Opinion issued November 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00666-CR

———————————

## EX PARTE ALAN NELSON CROTTS, Appellant

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 13-CCR-165781**

---

## MEMORANDUM OPINION

Appellant, Alan Nelson Crotts, challenges the trial court's order denying his application for a writ of habeas corpus.[1] In two issues, appellant contends that the trial court erred in not granting his motion for an evidentiary hearing and in denying him habeas relief.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.

We affirm.

## Background

A jury found appellant guilty of the misdemeanor offense of assault of a family member.[2] The trial court, pursuant to appellant's post-verdict agreement with the State, assessed his punishment at confinement for 365 days, suspended the sentence, placed him on community supervision for twenty-four months, and assessed a fine of $2,000. On appeal, we affirmed the judgment of the trial court.[3]

Later, appellant filed his application for a writ of habeas corpus under Texas Code of Criminal Procedure article 11.072.[4] In his application, appellant asserted, among other things, that his trial counsel provided him with ineffective assistance and appellant was prejudiced by his counsel's failures.[5] Appellant asserts that his

---

[2] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b); *see also* TEX. CODE CRIM. PROC. art. 42.013; TEX. FAM. CODE ANN. §§ 71.003–.004.

[3] *See Crotts v. State*, No. 01-15-01108-CR, 2017 WL 3027657, at *1–7 (Tex. App.— Houston [1st Dist.] July 18, 2017, pet. ref'd) (mem. op., not designated for publication).

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (procedure for application for writ of habeas corpus in community supervision case).

[5] Appellant also argued in his application that he was entitled to habeas relief because newly-discovered evidence, including certain photographs, established his factual innocence and the State's witnesses testified falsely at trial. On appeal, appellant does not argue that the trial court erred in denying him habeas relief because newly-discovered evidence demonstrates that he is innocent or because the State's witnesses falsely testified at trial. *See* TEX. R. APP. P. 38.1(i). Thus, we do not address these arguments which are contained only in his application filed in the trial court. *See, e.g.*, *Ex parte Baldez*, No. 04-13-00494-CR, 2014 WL 4090227, at *2 (Tex. App.—San Antonio Aug. 20, 2014, no pet.) (mem. op., not designated for publication).

counsel did not: (1) "adequately challenge extreme[ly] prejudicial testimony" given by the complainant, Jessalyn Cole, and a law enforcement officer, (2) "present impactful witness testimony for the defense," (3) "object to certain improper jury arguments made by [the State]," and (4) call additional "witnesses available to testif[y] on [appellant's] behalf" at trial. Related to his assertion that his trial counsel failed to object to the improper jury argument made by the State, appellant explained that the State, during its closing argument to the jury, stated that the complainant "had nothing to gain by going into the police department and reporting something that didn't happen." According to appellant, such an argument by the State constituted improper bolstering of the credibility of the State's witness: the complainant. Thus, his trial counsel erred in not objecting to this portion of the State's closing argument. Appellant attached to his application portions of the reporter's record from his trial, which included the purportedly improper jury argument made by the State.

On March 23, 2018, the trial court conducted a hearing on appellant's habeas application. At the hearing, appellant presented the testimony of his trial counsel, Richard Cobb. Cobb testified, related to the facts of the assault, that "[t]he general allegation was that [appellant] met with [the complainant] at [a] police station to exchange [their] children for visitation." According to the complainant, appellant "had been angry with her over some argument they had on the phone earlier [that

3

day]," and during the exchange of the children, appellant approached the complainant's car, "spit on" the car, and "then pushed her or struck her . . . in the face and caused her to have some redness under [her] eye." The complainant's father then "got out of [the complainant's] car" and "pulled a gun," and the complainant "ran into the police station and got [law enforcement officers] who came out." Appellant was arrested based on the complainant's statement to law enforcement officers that she had been assaulted by appellant.

Cobb further testified that his main strategy at trial was to "disavow the statements" that the complainant had made about the assault and to try to prove that what the complainant told law enforcement officers was not true. Because "there were no other witnesses" to the actual assault and it was the complainant "saying that [appellant] did it," Cobb sought to use the evidence at trial to "disprove[]" the complainant's statements and to attack the complainant's credibility.

Cobb further testified, related to his general strategy for objecting at trial, that an attorney should consider whether "you have a right to object[]" and whether "you should be silent at certain times because the jury gets offended." And the fact that the trial court may "unconsciously or otherwise influence what a jury thinks about the person making the objection," when the trial court rules on the objection, should be heeded. Counsel "ha[s] to be cautious not to offend the jury." Cobb also considered it a "judgment call" about whether counsel should "object to preserve

4

error on something [that he does not] think is error." In Cobb's opinion, he should not "object to everything." But, if he has "a legitimate objection," then he "should preserve the record."

As for purportedly improper jury argument made by the State, Cobb stated that he did not object to the complained-of statement by the State in its closing argument: that the complainant "had nothing to gain by going into the police department and reporting something that didn't happen," because, in his opinion, it did not constitute improper bolstering by the State. According to Cobb, the State was not "vouching for the credibility of [the complainant]." And Cobb recalled that through his cross-examination of the complainant about "the beef between" appellant and the complainant and an argument earlier in the day, as well as through "a copy of a complaint that [the complainant] had filed once before" against appellant, the defense "introduce[d] . . . evidence [at trial] that might [have] show[n] that [the complainant] had an ulterior motive" when she accused appellant of assaulting her.

Following the hearing, the court denied the requested habeas relief and issued findings of fact and conclusions of law. The trial court's pertinent findings include:

1.  "[Appellant] was charged with the offense of [a]ssault, family violence in cause number 13-CCR-165781."

2.  "[Appellant] was represented by attorney Richard Cobb in the underlying case."

3.	"[Appellant] proceeded to a jury trial and was convicted."

4.	"During the trial, [the complainant] testified that she had two children with [appellant]. [The complainant] testified [that,] on the day in question, [appellant] spit in her face and struck her with his hand, causing her pain."

5.	"[The complainant's father] also testified that he was present during the assault. He testified that he saw [appellant] lunge toward [the complainant]. [He] testified that he did not see the 'point of impact,' but when asked at trial what [appellant] did, [he] testified, 'Yeah, he hit her.'"

6.	"Needville Police Department Officer Rader testified that this incident took place right outside the police department, and when he was summoned outside to investigate, he saw [the complainant] upset, and saw saliva on her car, consistent with her testimony that [appellant] spit on her."

7.	"State's exhibits 1 and 2 were admitted in evidence, being a photo showing [the complainant's] car with saliva on it and a photo of [the complainant's] face showing redness around her eye and cheekbone."

8.	"[Officer] Rader testified that [appellant] told him that [appellant] 'may have accidentally hit' [the complainant], and admitted to spitting on her car."

9.	"The jury found [appellant] guilty, and pursuant to a post-conviction agreement with the State, [appellant's] punishment was assessed at 24 months' community supervision."

10.	"[Appellant] filed a direct appeal, and his conviction was affirmed, and the petition for discretionary review he filed was refused. *Crotts v. State*, No. 01-15-01108-CR, 2017 WL 3027657 (Tex. App.—Houston [1st Dist.] Jul[y] 18, 2017, pet. ref'd) ([mem. op.,] not designated for publication)."

11.	"[Appellant] then filed a pro se [a]pplication for [a] writ of habeas corpus, alleging ineffective assistance of trial counsel . . . ."

6

12. "The Court held a hearing on [appellant's] application on March 23, 2018."

13. "[Appellant's] trial counsel Richard Cobb appeared and testified."

14. "The Court found Richard Cobb's testimony credible."

(Emphasis omitted.) The trial court's pertinent conclusions of law include:

1. "The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Unsupported, conclusory allegations are insufficient to warrant habeas corpus relief. *Ex parte Maldonado*, 688 S.W.2d 114 (Tex. Crim. App. 1985). [Appellant] in this case failed to prove his allegations by a preponderance of the evidence."

2. "The United States Supreme Court enunciated the test for claims of ineffective assistance of counsel in the Sixth Amendment context in *Strickland v. Washington*, 466 U.S. 668, 68[7], 104 S. Ct. 2052, 2064 (1984). The standard enumerated in *Strickland* is that a defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. *Id.*"

3. "[Appellant] has not proven by a preponderance of the evidence that his trial counsel was ineffective."

4. "[Appellant] has not proven by a preponderance of the evidence that he was prejudiced by any ineffectiveness of his trial counsel, particularly in light of the evidence of guilt adduced at trial."

Based on its findings of fact and conclusions of law, the trial court denied appellant's requested habeas relief.

7

## Standard of Review

Generally, an applicant seeking post-conviction habeas relief must prove his claims by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing a trial court's decision to deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). In a post-conviction habeas corpus proceeding, the trial court is the sole finder of fact. *See Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011); *Ex parte Martinez*, 451 S.W.3d 852, 856 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). We afford almost total deference to the court's findings of fact that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); *Ex parte Peterson*, 117 S.W.3d at 819. We afford the same level of deference to the trial court's rulings on "applications of law to fact questions" if resolving those questions turn on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d at 819 (internal quotations omitted). In such instances, we use an abuse-of-discretion standard. *See Ex parte Garcia*, 353 S.W.3d at 787–88. That said, if resolving those ultimate questions turns on an application of legal standards without any credibility issue, we review the determination de novo. *See*

*Ex parte Peterson*, 117 S.W.3d at 819. We will affirm the trial court's decision if it is correct on any theory of law applicable to the case. *Ex parte Primrose*, 950 S.W.2d 775, 778 (Tex. App.—Fort Worth 1997, pet. ref'd).

**Evidentiary Hearing**

In his first issue, appellant argues that the trial court erred in not granting his motion for an evidentiary hearing on his application for a writ of habeas corpus because his motion "requested the opportunity to address [his] claims in full," he was "not able to present his arguments in full," "a large portion of" his application for a writ of habeas corpus was unaddressed at the trial court's March 23, 2018 evidentiary hearing, and although the trial court held an evidentiary hearing on March 23, 2018, appellant stated that he did not want the March 23, 2018 hearing "to substitute for a true evidentiary hearing."

We review a trial court's decision to grant or deny an evidentiary hearing on a Texas Code of Criminal Procedure article 11.072 application for a writ of habeas corpus under an abuse-of-discretion standard. *See Ex parte Aguilar*, 501 S.W.3d 176, 177–79 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see also Ex parte Salazar*, 510 S.W.3d 619. 626–27 (Tex. App.—El Paso 2016, pet. ref'd). Article 11.072 provides that the trial court, in determining whether to grant or deny the relief sought in an application for a writ of habeas corpus, "*may* order affidavits, depositions, interrogatories, *or a hearing*." TEX. CODE CRIM. PROC. ANN. art.

9

11.072, § 6(b) (emphasis added); *Ex parte Aguilar*, 501 S.W.3d at 178–79. But, generally, nothing in article 11.072 requires the trial court to conduct any hearing—let alone an evidentiary hearing—before deciding an application for a writ of habeas corpus.[6] *See Ex parte Aguilar*, 501 S.W.3d at 178–79; *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *see also Ex parte Franklin*, 310 S.W.3d 918, 922–23 (Tex. App—Beaumont 2010, no pet.) (trial court not required to hold oral hearing when determining whether to deny habeas application alleging ineffective assistance of counsel). Simply put, article 11.072 leaves the decision of whether to conduct a hearing, including an evidentiary one, to the trial court's discretion. *See Ex parte Johnson*, No. 06-14-00214-CR, 2015 WL 1324581, at *2 (Tex. App.—Texarkana Mar. 24, 2015, no pet.) (mem. op., not designated for publication); *see also Ex parte Alfaro*, 378 S.W.3d 677, 679 (Tex. App.—Beaumont 2012, no pet.) (within trial court's discretion to decide whether to consider habeas affidavits or conduct evidentiary hearing); *Ex parte Faulkner*, No. 09-05-478-CR,

---

[6] Some of our sister appellate courts have held that an evidentiary hearing is required under Texas Code of Criminal Procedure article 11.072 if the application for a writ of habeas corpus makes a claim of actual innocence based on newly-discovered evidence and the trial judge before whom the application is pending did not preside over the original trial. *See, e.g.*, *Ex parte Gonzalez*, 323 S.W.3d 557, 559 (Tex. App.—Waco 2010, pet. ref'd); *Ex parte Franklin*, 310 S.W.3d 918, 923 (Tex. App—Beaumont 2010, no pet.); *see also Ex parte Sheridan*, No. 2-16-00254-CR, 2017 WL 1535105, at *4 n.5 (Tex. App.—Fort Worth Apr. 27, 2017, no pet.) (mem. op., not designated for publication). Such circumstances do not exist here. *See Ex parte Harris*, No. 05-18-00008-CR, 2018 WL 2749686, at *4–5 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op., not designated for publication).

2006 WL 3094339, at *3 (Tex. App.—Beaumont Nov. 1, 2006, pet. ref'd) (mem. op., not designated for publication).

In his application for a writ of habeas corpus, appellant requested a hearing should the trial court "determine it [was] necessary." Appellant then filed a proposed order, requesting that his application be set for a hearing on March 23, 2018. The trial court notified appellant and the State that an evidentiary hearing on appellant's application for a writ of habeas corpus would take place on March 23, 2018. And the trial court held a hearing on that date.

At the start of the March 23, 2018 evidentiary hearing, appellant and the State both announced that they were ready. Appellant presented an opening argument, called his trial counsel, Cobb, to testify, questioned Cobb, and made a closing argument. At the end of the hearing, the trial court denied appellant's application for a writ of habeas corpus.

Here, the record is clear that appellant requested and received a hearing on his application for a writ of habeas corpus, during which he presented evidence. *See Hopkins v. State*, 480 S.W.2d 212, 216 (Tex. Crim. App. 1972) (no error where defendant received requested relief); *Austin v. State*, 769 S.W.2d 369, 372–73 (Tex. App.—Beaumont 1989, pet. ref'd) (nothing presented for appellate review where defendant received all relief he requested); *Cabello v. State*, 655 S.W.2d 293, 297

11

(Tex. App.—Corpus Christi 1983, no pet.). Thus, we cannot conclude that the trial court erred in not granting his motion for an evidentiary hearing.

To the extent that appellant asserts that he was "not able to present his arguments in full" at the March 23, 2018 evidentiary hearing or that "a large portion of" his application for a writ of habeas corpus was unaddressed at the hearing, we construe his argument to be that the trial court erred in not continuing the hearing to a later date when appellant's application and his arguments could be "full[y]" addressed.

Generally, we review a trial court's decision to refuse a continuance for an abuse of discretion. *Matamoros v. State*, 901 S.W.2d 470, 478–79 (Tex. Crim. App. 1995). At the March 23, 2018 hearing on appellant's application for a writ of habeas corpus, after both the State and appellant announced that they were reading to proceed, the following exchange occurred.

| The Court: | Th[is] is cause number 13-CCR-165781. This is a motion, application of [a] writ of habeas corpus due to ineffective assistance of counsel. |
| | This was a case tried back on October 7, 2015. . . . |
| | Okay, would you-all like to make opening statements? |
| [The State]: | Yes, Your Honor. I believe it's [appellant's] burden, so I will let him go first. |
| [Appellant]: | In my application I made other claims besides ineffective assistance of counsel. |

|  | [Trial counsel,] Cobb[,] is here today and I don't want this hearing to substitute as an evidentiary hearing because I believe we will need to call other witnesses in, but I would like to go over the ineffective assistance argument because I believe it's incontrovertible -- |
|---|---|
| The Court: | I do not do bifurcated, so anything you can get in today. |
|  | Are you telling me you have an attorney today? . . . |
| [Appellant]: | I'm pro se. He is here just to testify as to his strategy at trial. |

Appellant then proceeded to make his opening argument to the trial court, called Cobb to testify, questioned Cobb, and made a closing argument.

Texas Code of Criminal Procedure article 11.072 does not set any specific requirements for the trial court should it choose to hold a hearing on an application for a writ of habeas corpus, except that a hearing may not be held before the eighth day after the day on which the parties were provided notice of the hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §6(b), (c); *see also Ex parte Aguilar*, 501 S.W.3d at 178–79 (trial court *not* required to even have evidentiary hearing); *Ex parte Luciw*, No. 03-08-00445-CR, 2009 WL 5150018, at \*4 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op., not designated for publication) (trial court given wide latitude to choose appropriate procedures for deciding habeas application). And article 11.072 does not address the potential for a continuance of a hearing on

an application for a writ of habeas corpus or provide that the trial court must grant a continuance, either upon the request of a party or sua sponte, if it becomes aware that a party is unprepared.[7]

Generally, a criminal trial "may be continued on the written motion . . . of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. Such a motion must be "sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id.* art. 29.08. If a party makes an unsworn oral motion for a continuance and the trial court denies it, the party forfeits the right to complain about the trial court's ruling on appeal. *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *see also Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012). In other words, a motion for continuance not in writing and not sworn preserves nothing for our review. *Dewberry v. State*, 4 S.W.3d 735, 755–56 (Tex. Crim. App. 1999) (defendant preserved nothing for appellate review in his three oral motions for continuance); *Matamoros*, 901 S.W.2d at 478. A motion for continuance, when based on a witness's absence, must also recite certain information about the witness,

---

[7]     Appellant does not direct this Court to any authority that the trial court was required to continue its March 23, 2018 evidentiary hearing. *See Ex parte Brown*, No. 04-05-00151-CR, 2006 WL 166367, at *1 (Tex. App.—San Antonio Jan. 25, 2006, no pet.) (mem. op., not designated for publication); *see also* TEX. R. APP. P. 38.1(i).

14

his expected testimony, and the diligence used to procure him, among other things. *See* TEX. CODE CRIM. PROC. ANN. art. 29.06.

Appellant's motion for continuance, if he made one, meets none of those requirements. Thus, when appellant asserts on appeal that the trial court erred in failing to continue the March 23, 2018 evidentiary hearing, he has not preserved this issue for our review. *See Anderson*, 301 S.W.3d at 279.

Finally, we note that following the trial court's March 23, 2018 evidentiary hearing, appellant, on April 2, 2018, filed a "Motion for Evidentiary Hearing," requesting that his motion be granted and that a "hearing be held so that [appellant's] application for [a] writ of habeas corpus c[ould] be fully and properly adjudicated."

To preserve a complaint for appellate review, appellant, as the complaining party, must first make a timely request, objection, or motion that states the grounds for the ruling sought. *See* TEX. R. APP. P. 33.1(a). Appellant must then obtain an adverse ruling from the trial court on his request, objection, or motion, or he must object to the trial court's refusal to rule. *Id.* These rules express the general policy that an appellate court should not reverse a trial court on a matter never brought to the trial court's attention. *See Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998). Here, nothing in the record indicates that appellant made the trial court aware of his "Motion for Evidentiary Hearing," that appellant obtained an adverse ruling on his motion, or that appellant objected to the trial court's failure to rule on

15

his motion. *See* TEX. R. APP. P. 33.1(a); *Guevara v. State*, 985 S.W.2d 590, 592 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *see also Thompson v. State*, Nos. 14-16-00413-CR, 14-16-00414-CR, 2018 WL 4139038, at *2 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, pet. ref'd) (mem. op., not designated for publication) ("Because appellant never obtained an adverse ruling on his pro se motions, we conclude that he has not preserved his complaint for appellate review."); *Norris v. State*, No. 10-16-00222-CR, 2017 WL 2192871, at *2 (Tex. App.—Waco May 17, 2017, pet. ref'd) (mem. op., not designated for publication) (error not preserved where appellant's motions never ruled on by trial court). Thus, any complaint related to the trial court's failure to grant appellant's "Motion for Evidentiary Hearing," filed on April 2, 2018, is not preserved for our review. *See Ex parte Alfaro*, 378 S.W.3d at 679 (must preserve complaint appellant did not receive evidentiary hearing on application for writ of habeas corpus); *Ex parte Luciw*, 2009 WL 5150018, at *3.

Based on the above, we hold that the trial court did not err in denying appellant's motion for an evidentiary hearing on his application for a writ of habeas corpus.

We overrule appellant's first issue.

**Ineffective Assistance of Counsel**

In his second issue, appellant argues that the trial court erred in denying him habeas relief because his trial counsel "rendered ineffective assistance of counsel during [his] criminal trial by failing to object to the improper bolstering of a witness during the [State's] closing jury argument[] which caused irreversible harm to the rights of . . . appellant" and "prejudiced the outcome of the trial against him." Appellant further asserts that if his trial counsel would have objected to the State's improper bolstering, "then that objection would have been properly preserved in [the] record and it would have led to a reversal of [appellant's] conviction," "the granting of a new trial," or the "declar[ation] [of] a mistrial."[8]

The Sixth Amendment guarantees the right to the reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). To prove a claim of ineffective

---

[8] Appellant also argues on appeal that his trial counsel provided him with ineffective assistance because counsel "should have identified" appellant's purported newly-discovered evidence: "photographs of a vehicle of the same make and model as the [complainant] with [appellant] demonstrating the height of the [complainant] as compared to the vehicle," and presented the evidence at trial. Appellant did not raise this issue or argument in his application for a writ of habeas corpus or at the March 23, 2018 evidentiary hearing on his application, and it cannot be raised for the first time on appeal. *See Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("In reviewing an order denying habeas relief, an intermediate court of appeals only reviews issues that were properly raised in the habeas petition and addressed by the trial court."); *State v. Romero*, 962 S.W.2d 143, 144 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *see also* TEX. R. APP. P. 33.1(a). Accordingly, we hold that appellant has not preserved this particular ineffective-assistance argument for our review.

assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). And "appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006). To prevail, appellant must overcome that presumption. *See Strickland*, 466 U.S. at 689.

Proper jury argument is generally limited to: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Westbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Acosta v. State*, 411 S.W.3d 76,

18

93 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The State is afforded wide latitude in its jury arguments, and it may draw all reasonable, fair, and legitimate inferences from the evidence. *Allridge v. State*, 762 S.W.2d 146, 156 (Tex. Crim. App. 1988).

In his application for a writ of habeas corpus, appellant asserts that the State, during its closing argument to the jury, improperly stated that the complainant "had nothing to gain by going into the police department and reporting something that didn't happen." And, according to appellant, such an argument by the State constituted improper bolstering of the credibility of the State's witness: the complainant.

Appellant attached to his application portions of the reporter's record from his trial which included the purportedly improper argument made by the State. During its closing argument to the jury, the State stated:

> *[The complainant] had nothing to gain by going into the police department and reporting something that didn't happen.* She reported it because it did happen.
>
> [Appellant's] counsel continues to bring up this affidavit of non-prosecution that [the complainant] filed and that it's ridiculous to think [that] she could have been convinced by [appellant]. . . .
>
> . . . .
>
> . . . She had to sleep next to him at night, so when it comes down to that, is she going to tell the truth or not? At that point it's survival. She's saying what she need[ed] to say to survive with this man who [was] putting a roof over her head, and this time she's had enough.

19

That little voice said, [t]his is enough. Where do I draw the line when it comes to my safety and the safety of my children? Maybe that little voice, when he is willing to slap [her] during the day in the parking lot of a police department in front of [her] children, that's where [she] draw[s] the line.

[The complainant] is asking you to help her draw that line because she hasn't drawn that line before, and now she's finally built up the courage to do it today.

(Emphasis added.)

At the March 23, 2018 hearing on appellant's application, his trial counsel, Cobb, testified that his main strategy at trial was to "disavow the statements" that the complainant had made and to try to prove that what she told law enforcement officers was not true. Because "there were no other witnesses" to the actual assault and it was the complainant "saying that [appellant] did it," Cobb sought to use the evidence at trial to "disprove[]" the complainant's statements and to attack the complainant's credibility.

Cobb also testified, related to his general strategy for objecting at trial, that an attorney should consider whether "you have a right to object[]" and whether "you should be silent at certain times because the jury gets offended." And the fact that the trial court may "unconsciously or otherwise influence what a jury thinks about the person making the objection," when the trial court rules on the objection should be considered. Counsel "ha[s] to be cautious not to offend the jury." Cobb noted that it was a "judgment call" whether counsel should "object to preserve error on

20

something [that he does not] think is error." And in Cobb's opinion, he should not "object to everything." Only if he has "a legitimate objection," should he "preserve the record."

As for the purportedly improper jury argument made by the State, Cobb stated that he did not object to the complained-of statement because in his opinion it did not constitute improper bolstering of the State's witness. According to Cobb, the State was not "vouching for the credibility of [the complainant]." Instead, Cobb recalled that through his cross-examination of the complainant about "the beef between" appellant and the complainant and an argument earlier in the day, as well as through his introduction of "a copy of a complaint that [the complainant] had filed once before" against appellant, the defense "introduce[d] . . . evidence [at trial] that might [have] show[n] that [the complainant] had an ulterior motive" when she accused appellant of assaulting her.

To assert that his trial counsel's failure to object amounted to ineffective assistance, appellant must show that the trial court would have committed error in overruling the objection if counsel had made it. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). The failure of counsel to object to a proper jury argument is not ineffective assistance. *Richards v. State*, 912 S.W.2d

21

374, 379–80 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *Davis v. State*, 830

S.W.2d 762, 766 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

Generally, in its closing argument to the jury, the State may not bolster the

credibility of its witnesses with unsworn statements. *Straight v. State*, 515 S.W.3d

553, 574–75 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Johnson v. State*,

987 S.W.2d 79, 84 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). Even so, if

the State's argument falls within any of the four categories of proper jury argument,

it is permissible. *Johnson*, 987 S.W.2d at 84.

At trial,[9] appellant's counsel, Cobb, beginning in his opening statement to the

jury, challenged the credibility of the complainant, stating that the complainant "has

inconsistencies in her testimony" and that "she tells it one way one time and another

way another time." Cobb then continued to challenge the complainant's credibility

during his cross-examination of her, questioning the complainant over whether she

had testified differently before about the circumstances of the assault and whether

---

[9] We previously heard appellant's direct appeal related to his conviction for the misdemeanor offense of assault of a family member. *See Crotts*, 2017 WL 3027657, at *1–7; *see also Lancaster v. St. Yves*, No. 01-17-00250-CV, 2018 WL 6175311, at *1 n.2 (Tex. App.—Houston [1st Dist.] Nov. 27, 2018, pet. denied) (mem. op.) ("An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties."); *Ex parte Miller*, No. 14-15-00980-CR, 2016 WL 4444527, at *2 n.3 (Tex. App.—Houston [14th Dist.] Aug. 23, 2016, pet. ref'd) (mem. op., not designated for publication) (in current appeal from trial court's denial of appellant's application for writ of habeas corpus, taking judicial notice of record in appellant's previous appeal).

she had ever falsely accused appellant in the past. In fact, Cobb questioned the complainant about an "Affidavit of Non-Prosecution" signed by the complainant in 2008, related to a previous assault accusation that the complainant had made against appellant. In that affidavit, which the trial court, per Cobb's request, admitted into evidence at trial, the complainant stated that her "recollection of the incident was inaccurate," "[f]ull memory of the incident show[ed] [that appellant was] innocent," appellant was "never violent before or after the incident," "[t]here was never an assault that night," and her "memory the next morning was false."

Finally, in Cobb's closing argument to the jury, he stated that the complainant was "not a credible person," was "not believable under oath," "manufacture[d] these things up," and "lied." And that "[e]very time" that Cobb "caught her in some sort of lie or inconsistency[,] [the complainant] always had some alibi for it or some excuse for it." Cobb further argued to the jury that the complainant had "lied to the district attorney's office" and "to the police department when she filed a[n] [assault] charge once before." And that the complainant "ha[d] a history of lying, vacillating, [and] . . . not answering the same questions exactly the same way twice." Cobb also stated that the complainant's lying, misrepresentations, and inconsistences were "major," and concluded his argument to the jury by saying:

> But I put on evidence of other people who knew her and evidence of her own words, her own words that she allegedly took an oath in other places to tell the truth and she didn't, and now she comes down here today and you're supposed to believe her story this time.

23

I would strongly submit to you, ladies and gentlemen, that you go ahead and you find my defendant not guilty and I believe there is a reasonable doubt.

The strategy of appellant's counsel at trial was to attack the complainant's credibility, arguing that she was prone to lying, making inconsistent statements, and fabricating assault accusations against appellant. Cobb testified to as much at the trial court's hearing on appellant's application. *See, e.g.*, *Wylie v. State*, 908 S.W.2d 307, 310 (Tex. App.—San Antonio 1995, pet. ref'd); *see also Flores v. State*, Nos. 01-10-00531-CR, 01-10-00532-CR, 01-10-00534-CR, 2013 WL 709100, at *23–24 (Tex. App.—Houston [1st Dist.] Feb. 26, 2013, pet. ref'd) (mem. op., not designated for publication) (substantial part of appellant's closing argument spent attacking credibility of witness). Thus, at the very least, the complained-of statement by the State in its closing argument, in which it sought to uphold the credibility of the complainant, was in response to the defense, and did not constitute improper bolstering, but proper jury argument. *See Lapp v. State*, 519 S.W.2d 443, 448 (Tex. Crim. App. 1975) (remarks of State were invited by defense counsel's repeated references to witness's untruthfulness); *Wylie*, 908 S.W.2d at 310; *McDuffie v. State*, 854 S.W.2d 195, 216–17 (Tex. App.—Beaumont 1993, pet. ref'd). Proper jury argument is not objectionable, and appellant's counsel cannot be ineffective for not objecting to it. *Weinn v. State*, 281 S.W.3d 633, 640–41 (Tex. App.—Amarillo 2009), *aff'd on other grounds*, 326 S.W.3d 189 (Tex. Crim. App. 2010); *Richards*,

24

912 S.W.2d at 379–80; *see also Smith v. State*, Nos. 01-05-01095-CR, 01-05-01096-CR, 2007 WL 79475, at *12 (Tex. App.—Houston [1st Dist.] Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (when State's closing argument fell within one of the four categories of proper jury argument, counsel's failure to object did not constitute ineffective assistance).

Because the State's statement during its closing jury argument did not constitute improper bolstering of the State's witness, appellant's trial counsel's decision not to object did not fall below an objective standard of reasonableness. Appellant has failed to show, by a preponderance of the evidence, that he received ineffective assistance of counsel at trial. We therefore hold that the trial court did not err in denying him habeas relief.

We overrule appellant's second issue.

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

25