**Ex parte Fidel ALFARO.**

No. 09–12–00225–CR.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 10, 2012.

Decided Sept. 5, 2012.

Jimmy J. Ortiz, Jr., Jimmy J. Oritz, Jr., LLC, Houston, for Appellant.

Brett W. Ligon, Dist. Atty., Michael Stanley and Lane Haygood, Asst. Dist. Attys., for the State.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

We are asked to determine whether a defendant, to receive the effective assistance of counsel, present in the United States based on his Temporary Protective Status under the Immigration and Nationality Act, and before agreeing to plead guilty to a misdemeanor, was required to be advised by his attorney that he would automatically be deported due to that conviction, his second. Fidel Alfaro challenged the validity of his plea by filing a petition for writ of habeas corpus. He

appeals from the trial court's order denying his petition. *See* Tex.Code Crim. Proc. Ann. art. 11.072 (West 2005).

Alfaro raises two issues; he argues the trial court was required to conduct an evidentiary hearing on his petition, and that he received ineffective assistance of counsel because his trial counsel failed to tell him that his Temporary Protective Status (TPS) under the Immigration and Nationality Act would be revoked automatically if he pled guilty to committing unlawful restraint, a Class A misdemeanor, after having previously been convicted of another misdemeanor. *See Padilla v. Kentucky,* 559 U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also* 8 U.S.C.A § 1254a(c)(2)(B)(i) (West 2005). We conclude the matter Alfaro raised in his petition did not require a hearing, and the trial court could determine from Alfaro's petition that his right to be in the United States under the regulations concerning his status would not automatically be revoked under the circumstances presented in his application. We affirm the trial court's order denying habeas relief.

■ First, we address Alfaro's claim that the matters raised in his petition required the trial court to conduct an evidentiary hearing. Whether the trial court decides to consider affidavits or instead, conducts a live hearing, is generally a matter that is within the trial court's discretion. *See Ex parte Gonzalez,* 323 S.W.3d 557, 558–59 (Tex.App.-Waco 2010, pet. ref'd); *Ex parte Cummins,* 169 S.W.3d 752, 757 (Tex.App.-Fort Worth 2005, no pet.). In this case, the record shows that Alfaro neither requested an evidentiary hearing nor objected when the trial court ruled without conducting a hearing.

■ At the outset, we note that Alfaro's complaint that he did not receive a hearing has not been preserved. *See* Tex. R.App. P. 33.1. However, even had Alfaro's complaint about the trial court's failure to conduct an evidentiary hearing been preserved, the trial court was capable of resolving the merits of his claim for ineffective assistance without the necessity of conducting an evidentiary hearing. The affidavit Alfaro filed with his petition references the federal statutory provision governing TPS. The trial court could simply review the regulations relevant to the statute, also referenced in the affidavit, to determine whether revocation of Alfaro's status automatically resulted from Alfaro's convictions on the two misdemeanors at issue. Thus, the trial court had the information it needed to determine whether revocation of Alfaro's status was automatic. *See* Tex.Code Crim. Proc. Ann. art. 11.072, §§ 6(b), 7(a); *Cummins,* 169 S.W.3d at 757–58; *see also Bryant v. State,* 974 S.W.2d 395, 400 (Tex.App.-San Antonio 1998, pet. ref'd) (no hearing on motion for new trial is required if claim of ineffective assistance of counsel is determinable from record). On the record before us, we conclude the trial court did not abuse its discretion in failing to conduct a hearing on Alfaro's application.

■ Next, we address Alfaro's claim that his attorney, to render effective assistance, was required to advise him that his plea of guilt would automatically result in the revocation of his immigration status. In his application for habeas relief, Alfaro concedes that, as required by the Code of Criminal Procedure, he was admonished that his plea might result in the revocation of his immigration status. *See* Tex.Code Crim. Proc. Ann. art. 26.13(a)(4) (West Supp.2012). In an affidavit attached to the petition, Alfaro states that (1) before his plea on the unlawful restraint charge he had a conviction for "driving without a license (fine only)[,]" (2) trial counsel failed

to advise him "that my plea *would,* not merely *may,* have immigration consequences[,]" and (3) he had been unaware that his plea to unlawful restraint would cause his TPS to be automatically revoked and his previous deportation order to be reinstated.

From the affidavit Alfaro filed with his application, the trial court could determine that a revocation of Alfaro's status was not necessarily automatic in his case. The affidavit Alfaro filed does state that Alfaro's immigration status "was guaranteed to be revoked upon a plea of guilty to a second misdemeanor offense, no matter what Class (A, B or C)." However, the affidavit also references Section 244.4 of the Code of Federal Regulations on Aliens and Nationality. *See* 8 C.F.R. 244.4 (2011). And, Alfaro depends on Section 244.4 in his petition, as his petition asserts that section makes him ineligible to remain in the United States due to his plea and his prior conviction on another misdemeanor.

However, Section 244.4 does not support Alfaro's claim that deportation would automatically result from his plea based on the circumstances of his case. Section 244.4 of the Code of Federal Regulations states that an alien shall be ineligible for TPS if he has been convicted of "two or more misdemeanors, as defined in § 244.1[.]" *Id.* In defining "misdemeanor," section 244.1 of the Code of Federal Regulations states that "[f]or purposes of this definition, any crime punishable by imprisonment for a maximum term of five days or less shall not be considered a felony or misdemeanor." *See* 8 C.F.R. 244.1 (2011). Alfaro's guilty plea to unlawful restraint, which resulted in a community supervision order, is a qualifying misdemeanor under this definition; however, Alfaro's earlier fine-only offense, which was for driving without a license, is not. *See* Tex. Penal Code Ann. §§ 12.21, 12.23, 20.02 (West 2011); Tex. Transp. Code Ann. § 521.025(a), (c) (West Supp.2012).

By reading sections 244.1 and 244.4 of the Code of Federal Regulations, the trial court could determine that Alfaro's immigration status would not automatically result because under the regulations, he had not incurred two prior misdemeanors that qualified as misdemeanor convictions for the purpose of Section 244.4 of the Code of Federal Regulations. *See* 8 C.F.R. §§ 244.1, 244.4. The trial court could reasonably conclude, based on reading the provisions of the applicable regulations referred to in the affidavit supporting the petition, that Alfaro had not been deprived effective assistance because the attorney's advice that he might be deported was not advice that was clearly incorrect. *See id.; Padilla,* 130 S.Ct. at 1483.

Under *Padilla,* "when the deportation consequence is truly clear," counsel has a duty to give correct advice, but "[w]hen the law is not succinct and straightforward ... a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Padilla,* 130 S.Ct. at 1483. Prior to pleading guilty, the trial court admonished Alfaro, in writing, that his plea could have adverse immigration consequences. Alfaro had trial counsel when the hearing occurred, and he does not contend that he did not understand the trial court's written admonitions. Alfaro's trial attorney also advised him that he might be deported if he chose to plead guilty. To establish deficient performance under these circumstances, Alfaro must show that the deportation consequences of his plea were "truly clear[ ]" because his plea caused him to be automatically removable under federal immigration law. *Id.; compare Ex parte Rodriguez,* 378

S.W.3d 486, 493–94, 2012 WL 1429559 (Tex.App.-San Antonio 2012, no pet. h.) (lawful permanent resident was eligible for cancellation of removal), *with Ex parte Tanklevskaya,* 361 S.W.3d 86, 96–97 (Tex. App.-Houston [1st Dist.] 2011, pet. filed) (lawful permanent resident did not qualify for cancellation of removal).

When a person petitions for a writ of habeas corpus seeking relief from a community supervision order and the trial court can determine that the applicant is entitled to no relief, the trial court is required to deny the application. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 7(a) (allowing the trial court to determine on the face of the application that the applicant is manifestly entitled to no relief). Because the trial court could determine from the information before it that automatic deportation was not a "truly clear" outcome resulting from a plea of guilty under the circumstances of Alfaro's case, it did not err in denying Alfaro's application seeking habeas relief. *See* Tex.Code Crim. Proc. Ann. art. 11.072, § 7(a). We overrule issues one and two, and we affirm the trial court's order denying habeas relief.

AFFIRMED.