STEVE McKEITHEN, Chief Justice,
dissenting.
I respectfully dissent. When the law is not succinct and straightforward, a defense attorney need only advise a noncitizen client that pending criminal charges may carry a risk of deportation. Padilla v. Kentucky, 559 U.S. 356,-, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010). If a deportation consequence is truly clear, such as when the client is subject to automatic deportation, the duty to give correct advice is equally clear, and constitutionally competent counsel must advise the client accordingly. Id. at 1478, 1483. The defendant must prove, by a preponderance of the evidence, that there is a reasonable probability that, but for counsel’s advice, he would not have pleaded guilty and would have insisted on going to trial. Ex parte Ali, 368 S.W.3d 827, 835 (Tex.App.Austin 2012, pet. ref'd). Further, the defendant must show that a decision to reject the plea bargain would have been rational under the circumstances. Padilla, 130 S.Ct. at 1485.
In its findings of fact, the trial court stated that: (1) pursuant to a plea bargain agreement, Hernandez pleaded guilty to misdemeanor possession of a controlled substance; (2) Hernandez was placed on deferred adjudication community supervision for one year; (3) after his discharge from community supervision, Hernandez filed his application for writ of habeas corpus; (4) in his application, Hernandez alleged that he was not properly advised regarding deportation; (5) a habeas corpus hearing took place; (6) the trial court did not wrongfully exclude evidence or testimony; and (7) the applicant in a habeas corpus proceeding bears the burden of proof. In its sole conclusion of law, the trial court held that Hernandez failed to sustain his burden of proof; thus, all relief sought should be denied.
The record contains signed misdemean- or plea admonishments, which included the following: “If you are not a U.S citizen, a plea of guilty or nolo contendere may result in your deportation; exclusion from admission to the country or denial of naturalization under federal law.” The applicable federal law provides, in pertinent part, that any alien in and admitted to the United States shall be removed if the alien has been convicted of a violation of any state law or regulation relating to a controlled substance. 8 U.S.C.A. § 1227(a)(2)(B)® (West 2005 & Supp.2010); see Padilla, 130 S.Ct. at 1477 n. 1 (“[Vlh'tually every drug *376 offense[,] except for only the most insignificant marijuana offenses, is a deportable offense under 8 U.S.C.A. § 1227(a)(2)(B)(i).”); see also 8 U.S.C.A. § 1101(a)(48) (West 2005) (Defining the term “conviction”). In some cases, removal' may be cancelled, but the record does not indicate that Hernandez qualified for cancellation. See 8 U.S.C.A. § 1229b(a) (West 2005). Under these circumstances, I agree that the general admonishment that Hernandez “may” be subject to deportation was insufficient to inform Hernandez that his guilty plea to possession of a controlled substance subjected him to presumptively automatic deportation. See Padilla, 130 S.Ct. at 1478, 1483; see also Aguilar v. State, 375 S.W.3d 518, 524 (Tex.App.-Houston [14th Dist.] 2012, no pet.).
Citing Aguilar, Hernandez contends that trial counsel’s deficiency entitles him to either habeas relief or remand for an evidentiary hearing. In Aguilar, the defendant submitted an affidavit stating that counsel told him that his guilty plea could result in deportation, but failed to inform him that the plea would make deportation presumptively mandatory. Aguilar, 375 S.W.3d at 520. Aguilar averred that, had counsel advised him that his guilty plea would make deportation presumptively mandatory, he would not have pleaded guilty and would have insisted on a trial. Id. He explained that residence in the United States was the most important thing to him with respect to the underlying case. Id. Aguilar also provided trial counsel’s affidavit, in which counsel stated that he did not advise Aguilar whether a guilty plea would have immigration consequences. Id. After finding counsel’s performance deficient, the Fourteenth Court of Appeals found the record only marginally developed and remanded the case for an evidentiary hearing to determine prejudice. Id. at 526.
In her dissent, Justice Frost stated that Aguilar should not receive a second chance to prove entitlement to habeas relief. Id. at 527 (Frost, J., dissenting). She noted the minimal amount of evidence before the trial court, as well as Aguilar’s failure to present evidence of a plausible defense or evidence that rejecting the proffered plea bargain would have been rational. Id. at 528-29. She explained that Texas Rule of Appellate Procedure 43.3, which allows remand in the interests of justice, does not allow appellate courts to reverse “an error-free judgment in the interests of justice or for further proceedings on remand.” Id. at 529-30. Nor did she believe that an error-free judgment may be reversed simply because the case involves a developing area of the law. Id. at 530. Justice Frost explained that Padilla does not support the proposition that an intermediate appellate court can reverse an error-free judgment denying habeas relief and remand to give the applicant a second chance to prove entitlement to relief. Id. Justice Frost maintained that the trial court did not abuse its discretion by impliedly finding Aguilar failed to prove that a decision to reject the plea bargain would have been rational. Id. at 528-30. Justice Frost concluded that the trial court’s judgment should have been affirmed. Id. at 530.
Aguilar is not controlling authority in this Court. See Cannon v. State, 691 S.W.2d 664, 679-80 (Tex.Crim.App.1985). Moreover, I find Justice Frost’s reasoning to be more persuasive. This Court has held that the trial court may be capable of resolving the merits of the defendant’s claim without the necessity of conducting an evidentiary hearing. Ex parte Alfaro, 378 S.W.3d 677, 679-81 (Tex.App.-Beaumont 2012, no pet.).
In this case, the record contains the arresting officer’s affidavit, in which the officer described observing a vehicle, being *377 driven by a Hispanic male, swerving on the roadway. The driver was later identified as Hernandez. When preparing to initiate a traffic stop for failure to maintain a single lane, the officer observed two clear plastic bags fly out of the driver’s side window. The officer activated the patrol car’s overhead lights and, when the vehicle stopped, the officer saw three male Hispanic occupants. The officer arrested Hernandez for littering. Another officer retrieved the plastic bags, one of which contained a green leafy substance and the other of which contained pills. The officers searched the vehicle and found more pills in a container. The green substance tested positive for marijuana and the pills were identified as alprazolam. The State charged Hernandez with possession of a controlled substance, alprazolam. Hernandez presented no evidence, in his application for writ of habeas corpus or at the hearing, to establish the existence of a plausible defense to the charges against him or to establish that a decision to reject the plea bargain would have been rational.[2] He did not object at the hearing to proceeding without testimony. Had Hernandez rejected the plea bargain, proceeded to trial, and been convicted, he would have faced both confinement and the risk of automatic deportation.
Under these circumstances, the trial court could reasonably conclude, without an evidentiary hearing, that Hernandez failed to sustain his burden of proving, by a preponderance of the evidence, that there is a reasonable probability that, but for his counsel’s advice, he would not have pleaded guilty and would have insisted on going to trial. See Padilla, 130 S.Ct. at 1485; see also Ali, 368 S.W.3d at 835. Viewing the facts in the light most favorable to the trial court’s ruling, I cannot agree that the trial court abused its discretion by denying Hernandez’s application for habeas corpus. See Ex parte Klem, 269 S.W.3d 711, 718 (Tex.App.-Beaumont 2008, pet. refd). I would overrule Hernandez’s sole issue and affirm the trial court’s judgment.

. After the hearing and the trial court’s denial of his application, Hernandez filed an offer of proof to show what he would have testified to had the trial court issued a bench warrant and to show what his trial counsel would have testified to at the hearing. We review the record as it existed before the trial court at the time of the hearing. Ex parte Coleman, 350 S.W.3d 155, 160 (Tex.App.-San Antonio 2011, no pet.). Thus, we do not consider evidence filed after the trial court ruled on Hernandez’s application.