**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00218-CR**
_____

**EX PARTE LAWRENCE GALLOW**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 63572-A**
_____

**OPINION**

In an appeal from the denial of an article 11.072 application seeking a writ of habeas corpus, Lawrence Gallow contends the trial court's ruling denying his petition should be reversed because (1) the trial court did not conduct a formal evidentiary hearing on his petition before it ruled and (2) found the doctrine of laches barred Gallow's claims. We affirm the trial court's order.

1

## Background

In return for a plea agreement, Gallow pleaded guilty in 1993 to an indictment charging him with an aggravated sexual assault for an offense he committed in December 1992. In carrying out the plea bargain, Gallow signed a judicial confession admitting that he committed the offense. In carrying out the terms of his plea agreement with the State, the trial court deferred adjudicating Gallow's guilt, placed Gallow on community supervision for five years, and assessed a $500.00 fine. Under the terms of the trial court's community-supervision order, the trial court ordered Gallow to register with the Beaumont Police Department's Sex Offender Tracking Program and obtain sex-offender treatment. As part of Gallow's sex-offender treatment, the order also required Gallow to accept responsibility for committing the crime. After fulfilling the requirements of his plea bargain, the trial court dismissed Gallow's case in January 2000, finding Gallow's "sentence" had expired.

In May 2019, Gallow sought habeas relief from the decision he made in 1993 to plead guilty and take deferred adjudication on the indictment charging him with aggravated sexual assault. Generally, article 11.072 of the Texas Code of Criminal Procedure allows defendants placed on deferred adjudication to challenge the order

of community supervision by filing a request for habeas relief.[1] Gallow's application for relief includes three grounds to support his claim seeking to overturn his plea. First, relying on an affidavit his attorney obtained in December 2018 from *Jane*[2] stating "[a]ny sexual contact between [Gallow] and myself [in 1992] was consen[s]ual[,]" the petition Gallow filed in the trial court argues the evidence supporting his plea cannot support the trial court's ruling. Second, Gallow's petition claims the prosecutor engaged in misconduct while handling his case in 1993. According to Gallow, the prosecutor handling his case should have but failed to inform the trial court that *Jane* had informed the District Attorney's Office that his contact with *Jane* "was consensual" during the plea proceedings in 1993. Third, Gallow's petition asserts he received ineffective assistance of counsel because his attorney in his criminal case never informed him that pleading guilty would require him to register as a sex offender for the rest of his life.[3]

---

[1] Tex. Code Crim. Proc. Ann. art. 11.072, § 1.

[2] To protect the alleged victim's privacy, we identify her by using the pseudonym *Jane*. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[3] In 1993, the law required Gallow to register as a sex offender until the trial court discharged him from the order the court used to place him on probation. *See* Act of May 26, 1991, 72nd Leg., R.S., ch. 572, § 9(b), 1991 Tex. Gen. Laws 2030 (amended 2005) (current version at Tex. Code Crim. Proc. Ann. art. 62.002(a), 62.101(a)). In 1997, the legislature revised the law that applied to sex offenders, like Gallow, and it made its amendments to the registration statute law retroactive. *See*

3

When it responded to Gallow's petition, the State argued Gallow's judicial confession, without more, provided the evidence required to support the trial court's decision to accept Gallow's plea. As to Gallow's claim of prosecutorial misconduct, the State argued Gallow failed to produce any evidence to show the prosecutor handling his case had engaged in any misconduct. And as to Gallow's claim of ineffective assistance, the State alleged Gallow produced no evidence to prove his attorney, in 1993, rendered constitutionally ineffective assistance of counsel. Finally, the State argued laches applied to Gallow's petition because he waited over twenty-five years before filing a petition to overturn the trial court's decision accepting his plea.

In response to Gallow's petition, the habeas court asked Gallow to explain the twenty-five-year delay. Gallow filed an affidavit to respond to that request. In his affidavit, Gallow explains that until recently, he could not afford a lawyer to represent him and he had been unaware that he might be eligible for relief by filing a writ.

---

Act approved June 13, 1997, 75th Leg., R.S., ch. 668, art. 62.12(a), 1997 Tex. Gen. Laws 2261 (amended 2005) (current version at Tex. Code Crim. Proc. Ann. art. 62.101(a)). In January 2000, when the trial court discharged Gallow from the obligations the court imposed on him under the community supervision order it issued in 1993, the law that applied to Gallow required him to register as a sex offender for the rest of his life. *Id*.

4

We conclude we have jurisdiction over the appeal. The record from the habeas court shows that it considered Gallow's habeas petition based on the merits of the arguments he raised as well as the arguments the State raised in its response. The habeas court provided the parties with written findings, which explain the grounds for the court's ruling.[4] As relevant to the arguments Gallow raises in his brief, the findings reflect the habeas court found Gallow's judicial confession supports the decision the judge presiding over the court made in 1993 to accept Gallow's plea.[5] The findings further reflect the habeas court found the evidence in the habeas proceeding failed to establish (1) the trial attorney who represented Gallow rendered ineffective assistance of counsel, (2) Gallow's plea had been involuntary, or (3) the prosecutor who handled Gallow's case in 1993 engaged in any misconduct. Finally, the habeas court found the doctrine of laches applied to Gallow's petition given the twenty-five-year delay that occurred before Gallow challenged the validity of the order the trial court signed placing Gallow on community supervision in 1993.

On appeal, Gallow raises two issues for our review. First, Gallow argues the habeas court erred by failing to conduct an evidentiary hearing to allow him to

---

[4] Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b) ("In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection.").

[5] The judge who heard Gallow's habeas petition is not the same judge who heard and accepted Gallow's plea in 1993.

present witnesses supporting his claims. Second, Gallow contends the habeas court erred when it applied the doctrine of laches to his petition seeking habeas relief. In response to these arguments, the State filed a brief arguing article 11.072 does not require a habeas court to conduct a formal evidentiary hearing when the issues raised by the petitioner may be resolved by other means, an option the State suggests the habeas court utilized here. The State contends this Court should uphold the habeas court's order because the evidence does not show he is entitled to any relief and because the habeas court acted properly by applying laches to his claims.

Standard of Review

Article 11.072 of the Texas Code of Criminal Procedure establishes the procedures that apply to challenging a community-supervision order by filing a petition seeking habeas relief.[6] In habeas proceedings, the habeas applicant bears the burden of proving, by a preponderance of the evidence, facts sufficient to show he is entitled to relief.[7] Generally, whether the habeas court may decide the merits of a claim seeking habeas relief without a hearing based solely on the parties' pleadings and the evidence the parties provide to the court in the petition and response concern

---

[6] *Id.* art. 11.072, § 1.
[7] *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

matters that lie in a habeas court's discretion.[8] But that discretion is not unfettered, as a court may abuse its discretion if the record shows the court acted arbitrarily, unreasonably, or without reference to the guiding principles of law in the case.[9] That said, we will uphold the habeas court's ruling if it is a ruling that falls in the zone of reasonable disagreement.[10]

## Analysis

In his first issue, Gallow complains the habeas court should have conducted a formal evidentiary hearing on his petition for habeas relief. The record before the habeas court includes a copy of the judicial confession Gallow signed in 1993. In it, Gallow pleaded guilty to assaulting *Jane*. The record before the habeas court also includes the sworn statement *Jane* gave law enforcement officials in 1992. In it, *Jane* explained the details surrounding Gallow's alleged sexual assault.

After the habeas court denied Gallow's petition, it provided the parties with written findings, which explain the reasons the habeas court denied Gallow's request seeking relief from the consequences of his plea. The habeas court found among

---

[8] *Ex parte Alfaro*, 378 S.W.3d 677, 679 (Tex. App.—Beaumont 2012, no pet.); *see also Ex parte Crotts*, No. 01-18-00666-CR, 2019 WL 6314906, at *4 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019, no pet. h.)

[9] *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

[10] *See id.* at 391.

other things that *Jane's* 2018 affidavit was "incredible and entirely unworthy of belief[.]" The findings reflect the habeas court compared *Jane's* 2018 affidavit with the sworn statement filed in the trial court in 1993. Additionally, the habeas court's written findings show the court ruled without ordering a formal hearing because Gallow signed a judicial confession in 1993, and he never alleged in his petition or swore in the affidavit he filed to support his petition that he did not commit each element of the crime and was not in fact guilty of the crime. In Gallow's appeal, Gallow no longer argues that his judicial confession, without more, is insufficient evidence to support his plea.[11]

Given Gallow's guilty plea in 1993 and his failure to explain why he never challenged the accuracy of the statements he made when he pleaded guilty, we hold the habeas court did not abuse its discretion when it failed to conduct a formal hearing on Gallow's petition. Given this holding, we need not address Gallow's second issue, which argues the trial court erred by applying the doctrine of laches to

---

[11] *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (recognizing that "our case law has recognized that the defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea").

his claims.[12] For the reasons explained above, the trial court's order denying habeas relief in Writ Number 63572-A is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 30, 2019
Opinion Delivered April 8, 2020
Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[12] *See* Tex. R. App. P. 47.1 (allowing an opinion issued upon appeal to address only the issues needed to explain the appellate court's disposition of the appeal).