**Affirmed and Opinion Filed April 12, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01301-CR**

**EX PARTE BORIS MILUTINOVIC**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-82571-2013**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Breedlove

In two issues, Boris Milutinovic appeals from the denial of his application for a writ of habeas corpus. In his first issue, appellant claims his trial counsel failed to adequately advise him regarding the "presumptively mandatory" deportation consequence of his guilty plea to the felony offense of online solicitation of a minor and thus he received ineffective assistance of counsel. Appellant argues in his second issue the habeas court erred by denying his request for an evidentiary hearing. We affirm the habeas court's order denying appellant's application for habeas corpus relief.

# I.   BACKGROUND FACTS

Appellant, a noncitizen, pleaded guilty to and was convicted of the offense of online solicitation of a minor. Pursuant to a negotiated plea agreement, the trial court set punishment at five years' deferred adjudication probation and assessed a fine of $1,000. About eight months later, the United States Immigration Court issued an order to remove appellant from the United States because he was deemed a "danger to the community." Appellant was eventually deported and now lives in Germany.

Eight years later, appellant filed an application for a writ of habeas corpus under Texas Code of Criminal Procedure article 11.072. In his application, appellant claimed that his trial counsel was ineffective because he failed to admonish him regarding the immigration consequences of pleading guilty to the offense of online solicitation of a minor. Appellant's trial counsel filed an affidavit responding to appellant's allegations. In his affidavit, trial counsel averred he informed appellant that an agreed plea or guilty verdict at trial would lead to deportation. After reviewing the allegations in the application for writ of habeas corpus, trial counsel's affidavit, and the State's response, the trial court denied appellant's application for relief.

## II.     ANALYSIS

### A.     APPLICABLE LAW

### 1.     Standard of Review

Habeas corpus is a remedy available to applicants who are "restrained in their liberty." *See* TEX. CODE CRIM. PROC. ANN. art. 11.01. The concept of "restraint" justifying the remedy is broader than actual physical restraint. It encompasses not only confinement or physical custody, but also current and potential collateral consequences resulting from the conviction. *See Ex parte Harrington*, 310 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *see also* TEX. CODE CRIM. PROC. ANN. arts. 11.21–.23 (expanding scope of custody for purposes of writ to include various forms of constructive custody and restraint).

Code of Criminal Procedure article 11.072 is "the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution" in cases involving an individual who is serving a term of community supervision or who has completed a term of community supervision. *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). In a post-conviction writ application filed pursuant to Article 11.072, the habeas judge is the sole finder of fact. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). In this setting, we afford almost total deference to a habeas court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor. *Id.*; *see also Ex parte Garcia*, 353 S.W.3d 785,

788 (Tex. Crim. App. 2011) (observing that, in context of Article 11.072 application, the court of appeals "are truly appellate courts," and, thus, there is "less leeway" to disregard habeas court's factual findings).

### 2. Ineffective Assistance of Counsel

To demonstrate he is entitled to post-conviction relief on the basis of ineffective assistance of counsel, an applicant must demonstrate (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 693 (1984). In the context of a collateral challenge to a guilty plea, the focus of the prejudice inquiry is on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process," and on whether an applicant has shown that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In *Padilla v. Kentucky*, the Supreme Court expanded the scope of the Sixth Amendment to hold that it requires an attorney for a noncitizen criminal defendant to provide advice about the risk of deportation arising from a guilty plea. 559 U.S. 356, 360 (2010). In that case, Padilla, who had lawful-permanent-resident status, pleaded guilty to a drug-trafficking offense, and, as a result, he faced deportation. *Id.* at 359. Prior to entering his plea of guilty, Padilla's counsel not only failed to

advise him of any possibility of negative immigration consequences stemming from his guilty plea, but further told him that he "did not have to worry about immigration status since he had been in the country so long." *Id.* Padilla sought post-conviction relief on the basis of ineffective assistance of counsel, asserting that he had relied on counsel's erroneous advice when he pleaded guilty to the drug charges that made his deportation "virtually mandatory" under federal immigration law. *Id.* He further asserted that "he would have insisted on going to trial if he had not received incorrect advice from his attorney." *Id.* Agreeing with Padilla's contention as to the matter of counsel's deficient performance, the Supreme Court held that "constitutionally competent counsel would have advised [Padilla] that his conviction for drug distribution made him subject to automatic deportation." *Id.* at 360.

In addressing the deficient-performance prong of a *Strickland* analysis as it applied in *Padilla*, the Court held that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id.* at 367. Further, the Court observed that the terms of the immigration statute relevant to Padilla's case were "succinct, clear, and explicit in defining the removal consequence for [his] conviction." *Id.* at 368. Given the clarity of the immigration statute at issue in making Padilla "eligible for deportation" as a result of his guilty plea, the Court explained that this was "not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and

his counsel's advice was incorrect." *Id.* at 368–69. The Court went on, however, to explain that, when the deportation consequences of a particular plea are unclear, the scope of counsel's duty to give advice is more limited. It stated,

> There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

*Id.* at 369. In *Ex parte Aguilar*, the Texas Court of Criminal Appeals held that criminal defense counsel's duty to correctly advise a client applies even when the removal consequence is not immediate as long as the "conviction [would] *automatically* trigger[ ] a loss of status which, in turn, [would] render[ ] a defendant presumptively removable." 537 S.W.3d 122, 127 (Tex. Crim. App. 2017) (emphasis added).

## B.   NO INEFFECTIVE ASSISTANCE OF COUNSEL UNDER *PADILLA*

In his first issue, Appellant complains of the habeas court's denial of relief. Specifically, appellant contends he received ineffective assistance of counsel based on his trial counsel's alleged failure to advise him that a guilty plea to the offense of online solicitation of a minor is a deportable offense and, but for that failure, he would not have pleaded guilty but would have gone to trial. He therefore implicitly challenges the voluntariness of his plea based on ineffective assistance of trial

counsel. "A defendant who pleads guilty after having been properly admonished of his constitutional rights, who has knowingly and voluntarily waived those rights, and who has been admonished as required by our constitutions and art. 26.13, is presumed to have entered a voluntary and knowing plea." *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004).

Based on trial counsel's affidavit and the plea-hearing record, the habeas court found trial counsel informed appellant

- Accepting the State's offer had advantages and disadvantages;

- His guilty plea had immigration consequences;

- An agreed plea or guilty verdict at trial would lead to deportation;

- A trial could end in prison time and then deportation; and

- He would be deported if there was any resolution other than a finding of not guilty.

The habeas court also found

- Trial counsel discussed with appellant the immigration consequences he would face if he pleaded guilty "in great detail";

- Trial counsel discussed going to trial with appellant on multiple occasions, including the day of the plea, and appellant informed trial counsel that because he did not want to go to prison, he would accept the State's plea offer;

- Trial counsel did not tell appellant that he did not feel comfortable going to trial;

- The prosecutor did not tell trial counsel the case had to be resolved the day appellant pleaded guilty because the case had "dragged on too long";

- Appellant understood the trial court's warnings and admonishments regarding the immigration consequences of pleading guilty as a noncitizen;

- Appellant and trial counsel discussed appellant's case on multiple occasions; and

- Appellant was happy with trial counsel's representation.

Based on the findings set out above, the habeas court concluded appellant failed to prove by a preponderance of the evidence that trial counsel's advice regarding the immigration consequences of his guilty plea was deficient. Thus, the habeas court denied appellant's requested relief. Appellant, however, argues this Court should not defer to the trial court's findings of fact and should instead hold his trial counsel's advice was deficient because his counsel did not advise him that deportation was "mandatory" as a result of his guilty plea to the offense of online solicitation of a minor. We decline to do so because the habeas court's findings are supported by the record.

As set out above, appellant's trial counsel informed appellant he would be deported if he pleaded guilty.[1] Thus, the record supports the habeas court's finding

---

[1]We question whether the deportation consequences of appellant's guilty plea to the offense of online solicitation of a minor were "truly clear," such that trial counsel's duty to advise appellant regarding those consequences was "equally clear." *See Adeeko v. Garland*, 3 F.4th 741, 748 (5th Cir. 2021) (holding conviction pursuant to Texas Penal Code § 33.021(c) for online solicitation of a minor is a deportable offense), *but see Shroff v. Sessions*, 890 F.3d 542,546 (5th Cir. 2018) (holding conviction pursuant to Texas Penal Code § 33.021(c) for online solicitation of a minor is not an "aggravated felony" that subjects a noncitizen to automatic deportation). However, here, we need not make that determination because even assuming online solicitation of a minor is a deportable offense, the record reflects appellant's trial counsel advised appellant he would be deported if he pleaded guilty to the offense. Thus, trial counsel satisfied his duty pursuant to *Padilla*.

that trial counsel was not ineffective pursuant to his *Padilla* requirement to inform appellant of the deportation consequences of his guilty plea. Because appellant failed to demonstrate trial counsel rendered ineffective assistance, appellant did not defeat the presumption that his guilty plea was voluntary. We overrule appellant's first issue.[2]

### C.    APPELLANT WAS NOT ENTITLED TO A HEARING

In his second issue, appellant argues the habeas court erred in denying his request for a hearing. Whether the habeas court decides to consider affidavits or instead, conducts a live hearing, is generally a matter that is within the trial court's discretion. *See Ex parte Alfaro,* 378 S.W.3d 677, 679 (Tex. App.—Beaumont 2012, no pet.) (holding it is within the habeas court's discretion to decide whether to consider habeas affidavits or conduct evidentiary hearing); *Ex parte Gonzalez*, 323 S.W.3d 557, 558–59 (Tex. App.—Waco 2010, pet. ref'd) (same). In this case, the record shows appellant failed to object when the habeas court ruled without conducting a hearing. Accordingly, appellant's complaint about the habeas court's failure to conduct an evidentiary hearing has not been preserved. *See* TEX. R. APP. P. 33.1; *Alfaro*, 378 S.W.3d at 679 (holding appellant failed to preserve his claim that habeas court erred by failing to conduct a hearing because he did not object on

---

[2]Because appellant failed to meet his burden on *Strickland's* first prong, we need not consider the requirements of the second prong. *See Strickland*, 466 U.S. at 697 (courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one"); *Lopez v. State*, 343 S.W.3d 137, 144 (Tex. Crim. App. 2011) (same).

that basis at the time of the habeas court's ruling). However, even had appellant's complaint about the habeas court's failure to conduct an evidentiary hearing been preserved, the habeas court was capable of resolving the merits of his claim for ineffective assistance without the necessity of conducting an evidentiary hearing.

The appendix appellant filed with his application included the record from his plea hearing, and his application references the *Padilla* rule as it relates to informing a noncitizen that he will be deported if he enters a plea of guilty to certain offenses. Moreover, in trial counsel's affidavit, he explained he informed appellant he would be deported if he pleaded guilty. In this case, the trial court could simply review the record of appellant's plea hearing, the *Padilla* requirements relevant to a noncitizen's plea of guilt, and trial counsel's affidavit to determine whether trial counsel properly advised appellant regarding the consequences of pleading guilty to the offense of online solicitation of a minor. In other words, the trial court had the information it needed to determine whether appellant received infective assistance of counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 6(b) (in making its determination, the court may order affidavits), 7(a) (allowing the trial court to determine on the face of the application that the applicant is manifestly entitled to no relief); *Lara v. State*, No. 04-15-00176-CR, 2016 WL 2936548, at *6 (Tex. App.—San Antonio May 18, 2016, pet. ref'd) (mem. op.) (not designated for publication) (holding a trial court is not required to hold a hearing on a habeas application); *Ex parte Nwogu*, No. 04-13-00756-CR, 2014 WL 309465, at *1 (Tex.

App.—San Antonio Jan. 29, 2014, no pet.) (mem. op.) (not designated for publication) (same); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.) (same); *see also Bryant v. State*, 974 S.W.2d 395, 400 (Tex. App.—San Antonio 1998, pet. ref'd) (holding that no hearing on a motion for new trial is required if the claim of ineffective assistance of counsel is determinable from record). On the record before us, we conclude the trial court did not abuse its discretion in failing to conduct a hearing on appellant's application. We overrule appellant's second issue.

### III. CONCLUSION

Appellant failed to satisfy his requisite burden of proving, by a preponderance of the evidence, facts that would entitle him to relief. *See Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (holding it is the applicant's burden to prove, by a preponderance of the evidence, that he is entitled to relief on a writ of habeas corpus). Accordingly, the habeas court did not abuse its discretion in denying appellant's application for writ of habeas corpus.

We affirm the habeas court's order denying relief.

231301f.u05

/Maricela Breedlove/

Do Not Publish

TEX. R. APP. APP. P. 47

MARICELA BREEDLOVE

JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EX PARTE:  BORIS
MILUTINOVIC

No. 05-23-01301-CR

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-82571-
2013.
Opinion delivered by Justice
Breedlove. Justices Carlyle and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 12th day of April, 2024.